IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONALD CHARLES WILSON,

                          Petitioner,

   v.

THOMAS H. BROUND,
DAVID SCHWARZ and
MINDY SOWNEWTAG,

                          Respondents.

OPINION AND ORDER

13-cv-781-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Donald Charles Wilson, a prisoner at the Oshkosh Correctional Institution, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he also requested money damages under 42 U.S.C. § 1983. Because such relief is unavailable from § 2254 petitions, <u>Viens v. Daniels</u>, 871 F.2d 1328, 1331 (7th Cir. 1989), I asked petitioner which type of claim he wished to pursue in an order dated February 11, 2014. Dkt. #13. He responded, saying that he wished to pursue both his habeas corpus petition and a claim under § 1983 for unconstitutional conditions of confinement. Dkt. #14. Accordingly, I will direct the clerk's office to open a new lawsuit and assess petitioner a filing fee. The new case number will be 14-cv-222-bbc. Petitioner has made the initial partial payment for his habeas corpus petition, so I will screen that filing now. I will screen the § 1983 case under the new lawsuit after petitioner submits his initial partial payment for that lawsuit.

1

BACKGROUND

In July 2009, petitioner Donald Charles Wilson was on parole, when he was arrested after the police received complaints from a woman that he had struck her. In September 2009, an administrative law judge ordered the revocation of petitioner's parole after finding that, in July 2009, petitioner consumed alcohol and marijuana, struck a person with closed fist and gave false names to police officers, all in violation of the conditions of his parole. Petitioner was represented by counsel for this hearing. On September 28, 2009, petitioner appealed the revocation to the Division of Hearings and Appeals through counsel. Counsel argued that the victim-witness was not credible; petitioner's Alzheimer's disease excused his inconsistent statements to police; petitioner's community had resources for treating petitioner's substance abuse problems; and petitioner's stay in jail while awaiting a hearing had already provided sufficient punishment. Dkt. #2, exh. #1, at 21. On October 2, 2009, the Division of Hearings and Appeals sustained the administrative law judge's decision and order, finding that the state had presented ample evidence of petitioner's violation of his parole and revocation was warranted given the violent nature of the violation.

On October 14, 2009, petitioner's counsel wrote petitioner to tell him that his appeal had not been successful but that he could seek judicial review by filing a petition for a writ of certiorari with the circuit court. Dkt. #2, exh. #1, at 32. Petitioner's counsel declined to represent him in such a pursuit because she believed the petition would not be successful. Id. In the interim, however, petitioner had been transferred to a different location and did not receive the letter until November 11, 2009, which was five days before the deadline for

filing his petition for certiorari. (The date of receipt is not clear. Among other things, counsel's letter indicates that she notified petitioner of the appellate decision at an earlier time.) Petitioner did not file a petition for certiorari and does not say now that he made any attempt to request an extension of time for filing.

In September 2011, petitioner asked the Wisconsin circuit court for credit on his sentence for the 122 days he served before sentencing. The circuit court declined to entertain petitioner's request because the decision on when to grant sentence credits for parole revocation lies within the discretion of the Department of Corrections. It does not appear that petitioner filed any other requests for post revocation relief. He filed this federal habeas corpus petition on October 31, 2013.


OPINION

Petitions for habeas corpus are screened under the Rules Governing Section 2254 Cases. Rule 4 requires courts to deny petitions in which it "plainly appears . . . that petitioner is not entitled to relief." One of the many prerequisites for federal court relief is that the applicant must show he has "exhausted the remedies available in the courts of the state," unless the state does not provide those procedures or the applicant had good cause for failing to use the procedures. 28 U.S.C. §§ 2254(b)(1)(A)-(B). If the petitioner has failed to present his argument to the state courts and would be procedurally barred from doing so now, he has procedurally defaulted and his petition must be dismissed. Bell v. Cone, 543 U.S. 447, 451 n.3 (2005) ("[T]he burden is on the petitioner to raise his federal

claim in the state court at a time when state procedural law permits its consideration on the merits . . . ."); O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999).

A second prerequisite is timely filing. If the petitioner does not file his petition within the time set for doing so, he cannot obtain relief in federal court unless he can demonstrate cause and actual prejudice for the delay. Coleman v. Thompson, 501 U.S. 722, 749 (1991). In this case, petitioner filed an appeal of the adverse revocation decision to the Division of Hearings and Appeals, but he could have filed a petition for certiorari with the state circuit court, asking it to hear his case. If that decision had been adverse as well, he could have appealed it to the Wisconsin Court of Appeals and then to the Wisconsin Supreme Court and even to the United States Supreme Court. His failure to take these steps bars him from proceeding in this court, but a review of the attached appellate brief by petitioner's counsel shows that he would be barred from proceeding for another reason as well: he never raised the grounds on which he bases his present petition during his revocation proceedings.

In his present petition, petitioner seeks habeas corpus relief on the grounds that his revocation was based on false evidence and "information," that he did not receive a competency hearing at his revocation hearing and he received ineffective assistance of counsel at the hearing. (Originally, petitioner alleged as well that he should receive relief because the prison where he resides does not provide him with sufficient medical attention for his Alzheimer's disease, but that portion of his petition will now form his § 1983

4

lawsuit.) The closest petitioner came to raising these issues in his state revocation proceedings was when he argued that one witness was incredible and that his Alzheimer's disease should have excused his behavior in making inconsistent reports to the police. His counsel never mentioned false evidence or the need for a competency hearing. Petitioner had no obligation tor raise the issue of his lawyer's ineffectiveness at his revocation hearing, when he was represented by the lawyer he now says failed to provide him adequate representation, but he was required to raise that issue in the state court as a condition of raising it later in federal court. Petitioner says he did not file for post conviction relief, so it appears that he did not raise any of these arguments in a separate proceeding.

Petitioner has not presented his case or his arguments to all levels of state review available to him, so he has not exhausted his state remedies. Because the date for requesting review of those proceedings in state court has long since passed, petitioner has procedurally defaulted. O'Sullivan, 526 U.S. at 848 (petitioner's failure to present three of his federal habeas claims to state supreme court in timely fashion resulted in his procedural default of those claims).

Procedural defaults are excused if the petitioner can demonstrate cause for the default and resulting prejudice or if he can show that a miscarriage of justice will result if the court does not consider the merits of the claim. Murray v. Carrier, 477 U.S. 478, 495-96 (1986); Wainwright v. Sykes, 433 U.S. 72, 87-88 (2004); Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004). To establish cause, a petitioner must show that an external obstacle

5

prevented him from fairly presenting the federal claim to the state court. Murray, 477 U.S. at 488; Perruquet, 390 F.3d at 515. An external obstacle is one "that cannot fairly be attributable" to the petitioner. Coleman,501 U.S. at 743. Furthermore, the petitioner must show actual and not merely possible prejudice. Murray, 477 U.S. at 494; Perruquet, 390 F.3d at 515. To succeed on a claim that a miscarriage of justice has occurred, the petitioner must demonstrate actual innocence, that is, that "no reasonable juror would have found him guilty but for the error(s) allegedly committed by the state court." Perruquet, 390 F.3d at 515.

Petitioner does not even try to argue the miscarriage of justice exception. I can see no reason why this argument would be successful for him, so I will not consider it further. However, petitioner does argue that he had cause for defaulting. He says that his attorney refused to file his petition for certiorari in the state court and that this refusal did not come until after the deadline for filing, so he did not have an opportunity to file the petition. This argument fails for at least two reasons.

First, it is not clear that petitioner could bring an ineffective assistance of counsel claim based on his attorney's refusal to file a petition for certiorari. The state of Wisconsin does not require state-appointed counsel to help every indigent person pursue his case beyond the revocation hearing itself and the United States Supreme Court does not require it to do so. Gagnon v. Scarpelli, 411 U.S. 778, 790 (1973) ("[T]he decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the

6

state authority charged with responsibility for administering the probation and parole system."); State ex rel. Griffin v. Smith, 2004 WI 36, ¶ 45, 270 Wis. 2d 235, 240, 677 N.W.2d 259, 262 ("While parolees have a right to counsel at the parole revocation hearing, we conclude that there is no administrative or statutory right to counsel to timely file for certiorari in the circuit court."). Thus, petitioner cannot claim that he was wronged by his counsel's refusal to represent him in filing a petition for certiorari. Although the Wisconsin Supreme Court has held that if counsel promises to represent a parolee in a future proceeding and then fails to make the filing by the deadline, the deadline may be tolled to allow the parolee to pursue that filing, Griffin, 2004 WI 36, ¶ 45, it does not follow that a petitioner in that situation would have "cause" under federal habeas law to excuse his procedural default. The United States Supreme Court has held that when a petitioner does not have the right to appointed counsel under the Sixth Amendment, he cannot claim ineffective assistance of counsel as the "cause" for his procedural default. Coleman, 501 U.S. at 753 (court cannot find "cause" for procedural default from counsel's failings if petitioner had no Sixth Amendment right to counsel in proceeding). See also Brown v. Watters, 599 F.3d 602, 609 (7th Cir. 2010) ("Where, as here, the right to counsel is a creation of state statute only, see Wis. Stat. § 980.03(2)(a), it follows that denial of that right does not establish the necessary cause to excuse the default of any underlying claims.").

Second, petitioner did not attempt to appeal his claims within the state system, which is a requirement for pursuing a federal claim of ineffective assistance of counsel. "'[T]o use

7

the independent constitutional claims of ineffective assistance of trial and appellate counsel as cause to excuse a procedural default, [a petitioner is] required to raise the claims through one full round of state court review, or face procedural default of those claims as well.'" Richardson v. Lemke, 12-1619, 2014 WL 931112, at *11, — F.3d — (7th Cir. Mar. 11, 2014) (alteration in original) (quoting Gray v. Hardy, 598 F.3d 324, 330 (7th Cir. 2010)). Petitioner has not alleged that he sought review in state court of his attorney's failure to pursue certiorari, so this reason cannot serve as his "cause" for procedural default. I conclude therefore that petitioner has not stated sufficient cause for his procedural default and will deny him leave to proceed on his petition.

Furthermore, I note that petitioner has filed this petition long after the deadline passed for doing so. A habeas petitioner has one year following the date on which his conviction becomes final in which to file. 28 U.S.C.A. § 2244(d)(1)(A); Anderson v. Litscher, 281 F.3d 672, 674 (7th Cir. 2002) (certain exceptions are applicable, but they do not apply in this case). For petitioner, the one-year period expired one year after his revocation became final, which would have been when the time expired for appealing from the adverse decision of the Division of Hearings and Appeals. I note that Anderson, 281 F.3d 672, might be read as saying that a petitioner always receives another 90 days whenever his conviction or revocation becomes final, but in Anderson, the court was considering only the situation of a petitioner who had exhausted all of his state court remedies and was therefore eligible to file a petition for certiorari. In a later case that same year, Farmer v.

8

Litscher, 303 F.3d 840, 845 (7th Cir. 2002), the court of appeals reached the decision I reach in this case, which is that when the petitioner does not pursue a direct appeal in state court, his conviction becomes final under § 2244(d)(1)(A) when the time for seeking appeal within the state system expires. In this case, that would have been when the time had expired for seeking certiorari from the state circuit court. However, it is irrelevant whether petitioner was entitled to another 90 days after the time for seeking a writ of certiorari from the state circuit court had expired. Even if he were entitled to such an extension, his time would have expired in or around November 2009, approximately four years before he filed this petition.

Two final issues must be addressed. First, petitioner has several other motions pending: (1) for appointment of counsel; (2) to add Judy Smith, warden of the Oshkosh Correctional Institution, as respondent; and (3) to change the relief sought to exclude money damages. With the dismissal of his petition, these motions will be denied as moot.

Second, under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when denying a petition. To obtain a certificate of appealability, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v.

9

<u>Cockrell</u>, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because this case is not a close one for the reasons discussed above, no certificate of appealability will issue.

ORDER

IT IS ORDERED that

1. Petitioner Donald Charles Wilson may have until April 7, 2014 to make an initial partial payment of $2.44 for case no. 14-cv-222-bbc. If he has not submitted his partial payment by that date, that case will be dismissed.

2. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

3. Petitioner's motions for appointment of counsel, dkt. #3; to add Judy Smith as a respondent, dkt. #14; and to amend his petition to alter the relief sought, dkt. #14, are DENIED as moot.

4. Petitioner is DENIED a certificate of appealability. If petitioner wishes, he may seek a certificate of appealability from the Court of Appeals for the Seventh Circuit under Fed. R. App. P. 22, after first filing a notice of appeal with this court.

Entered this 25th day of March, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

11