IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONALD CHARLES WILSON,

               ORDER

              Plaintiff,

               14-cv-222-bbc

     v.

THOMAS H. BROUND,
DAVID SCHWARZ and
MINDY SOWNEWTAG,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Plaintiff Donald Charles Wilson, a prisoner at the Oshkosh Correctional Institution, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he also requested money damages under 42 U.S.C. § 1983.  He told the court that he wished to pursue both claims.  Because the two claims involved unrelated factual and legal questions and different defendants, they were split into two lawsuits, as required under Fed. R. Civ. P. 20.

     This lawsuit entails plaintiff's § 1983 claim only, in which he alleges that all defendants have failed to adequately treat his Alzheimer's disease, cervical fusion and myelopathy.  (The defendants listed in the caption are respondents from plaintiff's habeas petition; going forward, the caption will be amended to include the parties plaintiff intends to sue in this action.)  In addition to portions of his habeas corpus petition, which serves as

1

the original complaint, dkt. #2, plaintiff has filed several additional documents, all of which appear to be attempts to either supplement or amend the original complaint.  Dkt. ## 3, 4, 7.  Because none of these documents provide sufficient factual allegations to replace plaintiff's original complaint, as would be required for an amended complaint, I will treat these documents as supplements.  Plaintiff's complaint and supplements are ready for screening under 28 U.S.C. § 1915A.  In addition, plaintiff has filed what I construe as a motion for appointment of counsel.  Dkt. #5.

ALLEGATIONS OF FACT

Plaintiff's allegations are best summarized by quoting from his original pleading:

> Since 2009, the Plaintiff was denied his Constitutional Rights when Plaintiff was taken into custody by the Wisconsin Department of Corrections, defendants Lori Adams, Ashley Thompson, Jason Kocina, Alexander Stolarski, Kevin McSorley, Thomas Michlowski, Carlos Gaanan, and Patrick Murphy, who are doctors employed by the Department, discriminated against the Plaintiff by failing to provide Plaintiff adequate Medical Care For his Alzheimer's disease and cervical fusion and myelopathy unlawfully imposing a death sentence.

Plt.'s Cpt., dkt. #2, at 8.

In one of plaintiff's subsequent filings, plaintiff seeks to add James Greer as a defendant, dkt. #4, and, in another, plaintiff seeks to add Judy Smith as a defendant, dkt. #7.  In both of these filings, plaintiff states that he intends to sue all defendants in both their individual and official capacities, except for James Greer and Judy Smith, who are sued in their official capacities.  Finally, plaintiff says that he intends to seek both damages and injunctive relief.

OPINION

Plaintiff alleges in summary fashion that he has failed to receive adequate medical treatment for his conditions.  He does not explain the bases for that belief.  Although he does not have to include every detail of his claims in his complaint, he must allege facts that do more than make a legal conclusion.  Fed. R. Civ. P. 8; <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (quoting <u>Bell Atlantic Corp. v. Twombly,</u> 550 U.S. 544, 545, 555, 557 (2007)).  Moreover, plaintiff does not explain how each defendant is involved in his claim.  Under § 1983, each defendant must be *personally* responsible for some harm to plaintiff.  <u>Morfin v. City of East Chicago</u>, 349 F.3d 989, 1001 (7th Cir. 2003).

Because plaintiff has failed to state a claim upon which relief may be granted under Fed. R. Civ. P. 8, his complaint must be dismissed.  However, I will give him an opportunity to file an amended complaint that states a claim.  If plaintiff chooses to file a new complaint he should know that it will completely replace his original complaint and all his supplemental documents.  He must include all of his claims and the facts supporting them in one document and he must list all defendants in the caption.  He should take care to explain what each defendant personally did about his medical care that caused him harm.

Finally, plaintiff asks that the court assist him in finding an lawyer.  However, at this stage, it is too early to determine whether the complexity of the case or plaintiff's skills in

3

prosecuting his case will warrant the assistance of a lawyer.  Pruitt v. Mote, 503 F.3d 647, 663 (7th Cir. 2007) ("A judge may justifiably conclude that a pro se plaintiff who can articulate the essential nature of his injury and present his version of the facts does not truly need the services of an attorney in the early stages of the case.").  In addition, plaintiff must make reasonable efforts to find a lawyer on his own before the court will intervene. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992).  Plaintiff noted that he has solicited assistance from only one law firm, but to prove that he has made reasonable efforts, he should give the court rejection letters from at least three lawyers.  Plaintiff's motion for assistance in finding counsel will be denied without prejudice to his refiling it at a later stage after he has proof of his efforts to recruit counsel.

## ORDER

IT IS ORDERED that

1.  Plaintiff Donald Charles Wilson's complaint, dkt. #2, is DISMISSED for failure to comply with Fed. R. Civ. P. 8.  He may have until May 23, 2014 to file an amended complaint that complies with the Federal Rules of Civil Procedure as described in this order. If plaintiff fails to respond by that date, I will dismiss the case for plaintiff's failure to state a claim upon which relief may be granted.

2.  Plaintiff's motion for assistance in recruiting counsel, dkt. # 5, is DENIED

without prejudice.

      Entered this 5th day of May, 2014.

                            BY THE COURT:
                            /s/
                            BARBARA B. CRABB
                            District Judge

5